983 So.2d 188 (2008)
John EVANS
v.
OFFICE OF TECHNOLOGY.
No. 2007-CA-1259.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
*189 James E. Stovall, Covington, LA, for Plaintiff/Appellant.
Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya M. Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
In this appeal, plaintiff contends that the Civil Service Commission erred in failing to reinstate him to his position with the Office of Technology. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
John Evans was terminated from his employment with the Office of Technology of the City of New Orleans. He appealed his termination, and the Civil Service Commission ordered that he be reinstated. The Office of Technology appealed that decision to this court, which affirmed the Civil Service Commission's decision.
Subsequently, the Office of Technology applied to the Louisiana Supreme Court for writs of certiorari and review. Before the Supreme Court could issue a ruling, however, Hurricane Katrina hit, and due to budgetary constraints, the City was forced to lay off over three thousand nonessential employees, effective October 14, 2005.
Once the Louisiana Supreme Court denied the Office of Technology's writ application and the decision on Evans's termination became final, the Office of Technology paid Evans all back pay and emoluments due to him through the October 14, 2005 layoff date, a sum in excess of $100,000.00. Having determined Evans to be a non-essential employee, the Office of Technology did not reinstate Evans to his former position.
Evans appealed to the Civil Service Commission the decision not to reinstate him based upon his non-essential status. After a hearing, the Commission upheld the decision of the Office of Technology, finding that during the intervening period between Evans's termination and the layoffs necessitated by Hurricane Katrina, *190 appellant's job responsibilities had effectively been eliminated, as a result of a combination of privatization of certain functions, technological advances, and the elimination of personnel as a result of the Hurricane Katrina layoffs. Evans subsequently filed this appeal.
DISCUSSION
Plaintiff avers that the refusal of the Appointing Authority to reinstate him, as ordered by the court, unduly prejudiced him in the retroactive layoff. Further, plaintiff argues that the procedure used by the Appointing Authority in retroactively laying him off denied him of his property rights.
In civil service cases, the standard of review on issues of fact is the manifest error/ clearly wrong standard. The appellate court should not modify the Commission's findings unless they are arbitrary, capricious, or characterized by an abuse of discretion. Bannister v. Dep't of Streets, 95-0404 (La.1/16/96), 666 So.2d 641; Neff v. City Planning Comm'n, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6.
Greg Meffert, head of the Office of Technology at the time of the City layoffs, testified that once the layoffs were ordered, he had to "look at the functions that needed to be done, what . . . technology was available for me to do what I needed to do, and then just look at the roles of each of these positions and see whether that role was needed or not." As a result of this evaluation, over two-thirds of the workforce of the Office of Technology was laid off.
Meffert testified that many of the functions Evans had performed had been replaced by machines and others replaced by a private contractor, Ciber, Inc. Evans's management of the administrative staff was no longer required not only due to a pre-Katrina reorganization, but also because so much of the administrative staff had been included in the post-Katrina layoffs. The task of managing the telecommunications and SDL lines had been contracted to Ciber, Inc. prior to Hurricane Katrina.
Evans had previously handled the processing of card access (magnetic reader cards authorizing access to designated City Hall employees). These duties, according to Meffert, had been minimized through the installation of a new automated system. Similarly, Evans's former duty of training City Hall employees to use a swipe card to gain access to authorized areas was no longer needed, as the process had been simplified.
Meffert further compared the technical skill set of John Evans to that of Anthony Jones and Mike LaFrance, two employees who work in the Office of Technology post-Katrina. Both Jones's and LaFrance's training and abilities far surpassed those of Evans, according to Meffert. Virtually all of Evans's claimed technical skills, such as Lotus 1, 2, 3; DOS; and Word Perfect applications, had been eliminated from use by the City.
The record is replete with evidence to support the Commission's determination that, in the post-Katrina reality, the job formerly held by Evans "no longer exists." We find no error in its decision not to order his reinstatement.
Plaintiff asserts that the procedure of retroactively laying him off denied him of due process. However, there is no legal authority to support the notion that a pre-termination hearing is required prior to implementing layoffs. Absent a claim based upon discrimination in the layoff process (not urged in the instant case), Civil Service Rules do not afford an employee the right to appeal his layoff. See Rule XII, Section 1.1 of the Rules of the Civil Service Commission. In any event, *191 Evans did receive a thorough hearing and review of the circumstances surrounding his layoff, post-termination. There has been no showing that the Commission's decision affirming Evans's layoff was arbitrary or capricious.
CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the Civil Service Commission is affirmed.
AFFIRMED.
JONES, J., Dissenting With Reasons.
We sanction, by affirming the judgment of the district court, the failure of a party litigant to comply with a final judgment of court because I find the refusal and failure of the city of New Orleans to employ Mr. Evans as ordered to be in contempt of Court, I would order the immediate reinstatement of Mr. Evans. Thus, for these reasons, I respectfully dissent.